

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

February 12, 1975

The Honorable Cue D. Boykin
Chairman
Texas Industrial Accident Board
P.O. Box 12757, Capitol Station
Austin, Texas 78711

Opinion No. H- 524

Re: Validity of an appropria-
tion to the Attorney General's
Office from Workmen's Com-
pensation Fund No. 94.

Dear Mr. Boykin:

You have asked our opinion on the legality of the Legislature's
transfer of a portion of the Workmen's Compensation Fund No. 94 to the
Attorney General's Operating Fund.

The Workmen's Compensation Fund is created by article 8306,
section 28, V.T.C.S., which provides:

> Sec. 28. There is hereby established as a special
> fund, separate and apart from all public monies or
> funds of this state, a Workmen's Compensation Fund
> which shall be used by the Board for the purpose of
> paying costs of the administration of the law, in
> addition to amounts appropriated by the Legislature
> of the State of Texas. The State Treasurer shall be
> the treasurer and custodian of the fund. He shall
> administer such fund in accordance with the direc-
> tions of the Board, and the Comptroller shall issue
> warrants upon it in accordance with the directions of
> the Board.
>
> . . . .
>
> Failure to make any report required by this Section
> shall be punishable by fine not the exceed One Thousand

>($1000) Dollars and the failure to pay any tax
>within thirty (30) days after same is due under
>this Section shall be punishable by a penalty of
>ten percent (10%) of the amount, and shall be
>recovered by the Attorney General in a suit
>brought by him in the name of the State of Texas
>and such penalties when collected shall be deposited
>in the State Treasury for the use and benefit of the
>Workmen's Compensation Fund.

Even though funds may be earmarked by statute, they may not be spent absent a valid appropriation. Texas Constitution, art. 8, §6.

In the appropriation to the Attorney General's Office the Legislature has transferred money from several different funds to the Attorney General's Operating Fund. For the year ending August 31, 1975, these transfers include one of $50,000 from the Workmen's Compensation Fund No. 94. Acts 1973, 63rd Leg., ch. 659, p. 1786 at 1920.

The Attorney General's Operating Fund was created in 1959 and has been funded in a similar fashion since that time. Acts 1959, 56th Leg., 3rd C.S. ch. 23, p. 442 at 510. The Operating Fund's validity was upheld in Attorney General Opinion WW-573 (1959).

To be valid this appropriation from the Workmen's Compensation Fund to the Attorney General's Operating Fund must be authorized by general law [Texas Constitution, art. 3, §44] and must be consistent with the requirements of general law [Texas Constitution, art. 3, §35; Attorney General Opinion V-1254 (1951)]. We believe both of these tests are met here.

Section 28 of article 8306 provides that the fund "shall be used by the Board for the purpose of paying costs of the administration of the law. . . ". We believe this language is mandatory and the Board is required to make expenditures from the fund to pay the costs of administering the workmen's compensation law. In fulfilling his constitutional and statutory duties as the attorney for state agencies, the Attorney General represents the Industrial

Accident Board in court and counsels with the Board in regard to its legal obligations.  The very section which creates the fund indicates that a portion of the cost of administering the law will be incurred by the Attorney General, since he is required to bring suit to recover taxes and penalties for the benefit of the fund. Additionally, work is being undertaken in preparation for the initiation of the program of workmen's compensation for state employees.  This program is expected to go into effect prior to the end of the current fiscal year and both the Attorney General and the Industrial Accident Board will have extensive administrative responsibilities under the law. See  V. T. C. S., art. 8309g.   In light of these responsibilities of the Attorney General's Office, the Legislature has determined both in general law and in the appropriation bill that the Attorney General's Office plays an integral role in the administration of the Workmen's Compensation Law.   Therefore, the Legislature's transfer of a portion of the Workmen's Compensation Fund to the Attorney General's Operating Fund is entirely consistent with the statutory mandate that the fund "be used by the Board for the purpose of paying costs of the administration of the law. "

Although there is language in section 28 of article 8306 which could be construed as limiting administration of the fund to the Board, we believe the statute is more correctly interpreted as specifying and mandating the purpose for which the funds can be spent rather than as abrogating the power of the Legislature to allocate the fund for specific purposes within the contemplation of the statutory purpose.   This interpretation is consistent with prior practice and construction in regard to similar funds. See Attorney General Opinion WW-604 (1959) which approved a proposed transfer from the Barber Examiners Fund (V. T. C. S., art. 7407a, § 27) to the General Revenue Fund to reflect the cost of services furnished to the Barber's Board by other state agencies.

## SUMMARY

The Legislature is authorized to appropriate
a portion of the Workmen's Compensation Fund

to the Attorney General's Office to reflect
the costs of administering the Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg